IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TERRY THOMPKINS TRUESDALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:15CV177 |
| v. ) | 1:08CR190-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Terry Thompkins Truesdale, a federal prisoner, brings a Motion [Doc. #34] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposes with a Response [Doc. #37]. Petitioner pled guilty to one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One) and one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). He received a sentence of 188 months of imprisonment as a career offender under USSG § 4B1.1 for the drug conviction and a concurrent sentence of 120 months of imprisonment for the firearm conviction.

Petitioner raises six claims for relief in his Motion. Petitioner's first, fourth, and sixth claims all contend that his classification as a career offender was erroneous in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and related cases. Petitioner's second claim for relief alleges that he received ineffective assistance of counsel throughout his case. This

claim includes an allegation that absent advice by counsel he would have accepted a plea and received a lower sentence. He also states that his attorney and the judge accepting his guilty plea failed to inform him of the elements of his offenses. Finally, Petitioner's third and fifth claims for relief attack the Indictment in the case. Petitioner states in his third claim that the Indictment did not allege a particular amount of drugs as to his distribution count. He also appears to claim that the Indictment charged him under 841(a), but not separately under § 841(b)(1)(B) based on a particular amount of drugs.

Turning first to Petitioner's claim that he is no longer a career offender in light of subsequent case law, the United States Court of Appeals for the Fourth Circuit recently addressed the question of whether a career offender challenge was cognizable on collateral review and held that a challenge to a career offender designation based on Simmons is not the type of alleged sentencing error that can be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). In Foote, the Fourth Circuit concluded that the petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice." Foote, 784 F.3d at 940. Therefore, Petitioner's career offender challenges in this case are not cognizable in this collateral review proceeding. His first, fourth, and sixth claims all fail on this basis and should be denied.

Petitioner's next claim raises allegations of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. With respect to the first prong of Strickland, the petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong, to establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Here Petitioner's claim is almost entirely conclusory. He states that he would have accepted a favorable plea absent counsel's advice, but this assertion is confusing in light of the fact that he did accept a plea offer and pled guilty. He does not point to any evidence of a better offer that he rejected. Petitioner's only nonconclusory assertion is that his counsel and the judge accepting his plea did not ensure that he was informed of the elements of the offenses to which he pled guilty. However, the record in the case flatly contradicts this claim. Petitioner's Plea Agreement [Doc. #15], which he personally signed, plainly states in Paragraph 2 that he would be pleading guilty to Counts One and Three of the Indictment and that his attorney had explained the elements of those charges to him. At Petitioner's guilty plea, the judge conducting the hearing asked Petitioner if his attorney had explained the essential elements of the charges to which he was pleading guilty and Petitioner responded affirmatively under oath. (Plea Trans. [Doc. #29] at 10.) He also stated that his attorney had explained to him that the Government would have to prove all of those elements beyond a reasonable doubt in order to convict him if he chose to go to trial. (Id.) Petitioner never expressed any doubt, confusion, or ignorance concerning the elements of his charges, all of which are fairly straightforward and set out in the Indictment.

3

Petitioner's claim is really an attack on the validity of his guilty plea. "When a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. In order to rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent." United States v. Custis, 988 F.2d 1355, 1363 (4th Cir. 1993) (citations omitted). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations and internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). In Petitioner's current Motion, he makes nothing more than a bald and unexplained statement that he was not advised of the elements at any point. However, this contradicts his own sworn assertion to the contrary at his plea hearing. He fails to explain any confusion on his part as to the elements or provide any basis for the difference in his statements. Therefore, his current Motion in no way overcomes the "formidable barrier" of his earlier sworn statements and this claim should also be denied.

Finally, Petitioner contends that his Indictment did not properly set out the drug offense in Count One in some fashion. To the extent the claim can be deciphered, it appears to turn on the a claim that the Indictment did not allege a particular drug amount

4

and/or charged him with violating both § 841(a)(1) and § 841(b)(1)(B) in one count rather than two. Neither of these arguments has merit. The Indictment affirmatively alleges that Petitioner possessed with intent to distribute "approximately 10 grams of a mixture and substance containing a detectable amount of cocaine base." Therefore, it did allege a drug amount and did so in a manner sufficient to inform Petitioner of the nature of the charge. Nothing more is required. As for the fact that the Indictment cites two subsections of the same statute, it is not clear how this states any claim for relief. The Indictment alleges only a single offense in Count One. Petitioner's third claim for relief also fails and it should be denied along with his entire Motion.[1]

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #34] to vacate, set aside or correct sentence be denied and that this action be dismissed.

This, the 5th day of October, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Government also contends that Petitioner's Motion is barred by the applicable statute of limitations. It appears that this argument would also defeat Petitioner's Motion. However, the Court need not address this issue in light of Foote and the clear lack of merit of Petitioner's claims.

5